UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

_____X

RICHARD BOURT, JR.,                                          CIVIL ACTION

      Plaintiff                                                       NO. 3:02CV0191 (AVC)

VS.

METRO-NORTH RAILROAD COMPANY,

      Defendant                                                  OCTOBER 3, 2005

_____X

## PARTIES' JOINT TRIAL MEMORANDUM

(1)    **TRIAL COUNSEL**

      George J. Cahill, Jr., Esq.
      Scott E. Perry, Esq.
      CAHILL, GOETSCH & MAURER, P.C.
      43 Trumbull Street
      New Haven, Connecticut  06510
      (203) 777-1000
      - For the Plaintiff -

      Charles A. Deluca, Esq.
      Robert O. Hickey, Esq.
      Susan B. Parzymieso, Esq.
      Ryan, Ryan, Johnson & Deluca, LLP
      80 Fourth Street, P.O. Box 3057
      Stamford, Connecticut  06905
      (203) 357-9200
      - For the Defendant -

**(2)  JURISDICTION**. This Court has subject matter jurisdiction in this case pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51.  Venue properly lies in this Court pursuant to 45 U.S.C. § 56.

**(3)    JURY- NONJURY**  This is a jury case.

**(4)    LENGTH OF TRIAL**  The parties anticipate trial testimony will last 4-6 days.

**(5)    FURTHER PROCEEDINGS**

A.  The Defendant intends to file a motion in limine to preclude testimony of plaintiff's expert witness Dr. Cameron Kirchner under Daubert and Kumho.

B.  The Defendant contends there is a significant Statute of Limitations defense in the case that it claims can be raised by making a motion for judgment during trial pursuant to the Federal Rules of Civil Procedure.  The Defendant also contends that a Statute of Limitations defense can be resolved by a motion for summary judgment, should the Court prefer that method of resolving the issue.  The Plaintiff contends that there are genuine issues of material fact that cannot be resolved on summary judgment.

**(6)    NATURE OF CASE.**

**Plaintiff's Statement:**

Pursuant to the Federal Employers' Liability Act, sometimes referred to as the FELA, 45 U.S.C. Section 51 et seq., the plaintiff brings this action for damages against the defendant Railroad for personal injuries suffered by him while in the employ of the defendant Railroad.  The plaintiff claims that he suffered noise induced hearing loss and it was caused in whole or in part by the negligence of the defendant Railroad.  The plaintiff claims damages for future medical expenses, as well as for past and future pain, suffering, mental anguish, and loss of enjoyment of life's activities.

The plaintiff claims that as a result of the railroad's negligence, he suffered noise induced hearing loss.  The Federal Employers' Liability Act applies to railroad employees.  If you have heard of workers' compensation you should understand that railroad employees do not have workers' compensation and if they claim to have been injured as a result of their employment, they can only seek redress by bringing a claim or lawsuit under the FELA.  Railroad employees are not entitled to make a workers' compensation claim.  A claim brought pursuant to the FELA is not a workers' compensation case and you will be required to follow the law as I explain it to you at the end of the case.

The plaintiff claims the defendant Railroad was negligent in failing to provide him with a reasonably safe place to work, in contravention of its duties under the FELA.  The defendant negligently failed to provide him with a workplace reasonably safe from exposure to foreseeable conditions that it knew or reasonably should have known pose a risk of occupational injury.  The defendant negligently failed to take steps to eliminate the risk of occupational injury pertaining to his jobs, tasks and duties.  The defendant failed to provide him with a reasonably safe place in which to work including but not limited to failing to furnish him with safe and suitable tools, appliances, equipment, premises, assistance, training, protective devices and procedures.

The plaintiff claims he has suffered and will suffer damages as a result of the defendant Railroad's negligence, including future medical expenses in the form of hearing aids, mental anguish including loss of normal use of a healthy body and loss of enjoyment of life.  The plaintiff seeks reasonable money damages that will compensate him for all his claimed past and future injuries and losses.

[Defendant objects to the second paragraph discussing workers' compensation.  The defendant believes this is a statement of the law, rather than a description of the nature of this case.]

**Defendant's Statement:**

The plaintiff is seeking damages for hearing loss allegedly sustained due to the negligence of the defendant. The plaintiff has brought this case under the Federal Employers' Liability Act, 45 U.S.C. § 51, et seq due to noise-induced hearing loss he allegedly sustained as the result of the defendant's negligence. He alleges that he has sustained noise-induced occupational hearing loss due to the negligence of the defendant. The plaintiff claims that the defendant failed to provide him with a reasonably safe place to work, resulting in his noise-induced occupational hearing loss.

The defendant Metro-North denies that the plaintiff has suffered noise-induced occupational hearing loss due to its alleged negligence. Any hearing loss that the plaintiff has suffered is not caused by exposure to occupational noise.

The defendant Metro-North denies any negligence whatsoever. In this regard, the defendant intends to rely upon the doctrine of collateral estoppel as a result of a verdict of no negligence on May 31, 2005, before Judge Janet Bond Arterton, in the case Kiniry v. Metro-North Railroad Company, 3:02 CV1680 (JBA).

If the plaintiff has occupational noise induced hearing loss, it is caused by the plaintiff's own careless and negligence in his failure to utilize hearing protection devices provided by the railroad.

To the extent that some or all of the plaintiff's medical and other expenses have been paid by, or on behalf of, the defendant, the defendant is entitled to a set-off or credit in the amount of any such payment.

The plaintiff has failed to properly and adequately mitigate any damages he may have suffered or sustained.

Lastly, the plaintiff's claims are barred under 45 U.S.C. § 56, in that the plaintiff knew or should have known of his injury and its possible cause more than three years before commencing this lawsuit. The plaintiff filed his complaint against Metro-North in this action on January 31, 2002 and made service upon defendant Metro-North on February 7, 2002. The plaintiff's Metro-North medical records show that the plaintiff was told he suffered from hearing loss by a doctor in the Metro-North Medical

Department on February 9, 1995, seven years prior to commencement of this action. In addition, if the plaintiff can show that his hearing loss was caused by exposure to noise while working for the railroad, he knew that he needed to wear hearing protection and wore hearing protection as early as February 9, 1995.

**(7)  TRIAL BY MAGISTRATE JUDGE**

The plaintiff does consent to a trial with Magistrate Judge Smith.

The defendant does not consent to trial with Magistrate Judge Smith.

**(8)    LIST OF WITNESSES BY PLAINTIFF**

**A.  Witnesses The Plaintiff Intends To Call**

**Richard Bourt,** 148 Clark St., Milford, CT.

Richard Bourt is expected to testify about the circumstances and events surrounding his employment with Metro-North. He will also testify about the medical treatment he received, his hearing difficulty, his mental anguish, the cost of the hearing aids he wants to get, and his loss of enjoyment of life's activities. (Direct Exam 3 hours)

**Dr. J. Cameron Kirchner,** 40 Temple Street, New Haven, CT  06510**.**

Dr. Kirchner, the plaintiff's treating ear, nose and throat physician and retained expert, is expected to testify about his diagnosis, examinations and course of treatment for the plaintiff, as well as the plaintiff's medical history, prognosis, future medical treatment, extent of disability and causation. Dr. Kirchner is also expected to testify consistent with his expert disclosures and opinions set forth during his several days of his deposition testimony including his opinion that Mr. Bourt needs hearing aids as a result of his noise induced hearing loss. (Direct Exam 4 hours)

5

**Dr. Peter Rabinowitz, Yale Occupational and Environmental Medicine Clinic,** 135 College Street, 3rd Floor, Room 366, New Haven, CT 06510.

Dr. Rabinowitz is expected to testify consistent with his expert disclosure concerning the history of noise induced occupational hearing loss and protection devices. (Most likely via <u>de</u> <u>bene</u> <u>esse</u> videotaped testimony; 1 hour direct)

**Anne Eagan Kirsch, Metro-North Assistant Safety Director, 347 Madison Avenue, New York, New York (Address Unknown)**

Metro-North's Safety Director is expected to testify regarding Metro-North's Hearing Conservation Program, testing for occupational noise, training, education and warnings, safety rules, and the use of hearing protection. She is also expected to testify consistent with her deposition testimony and as Metro-North's 30b6 witness concerning various topics. (Direct Exam 4 hours)

**B. Witnesses The Plaintiff May Call**

**Lova Borisjuk**

Mr. Borisjuk is expected to testify about Conrail and Metro-North equipment and machinery and consistent with his deposition testimony. (Direct Exam 30 minutes)

**John Wagner (Address Unknown)**

Metro-North's Director of Track and Structures is expected to testify about his work experience on the railraod, noise on the railroad, safety rules, safety rule enforcement and consistent with his deposition testimony. (Direct Exam 1.5 hour)

**Robert Lieblong (Address Unknown)**

Metro-North's Chief Maintenance of Way Officer is expected to testify about his work experience on the railroad, noise on the railroad, safety rules, safety rule enforcement and consistent with his deposition testimony. (Direct Exam 1.5 hour)

**Metro-North Claims Manager Joseph Navarra**

Mr. Navarra is expected testify about the notice the railroad had about employees' complaints and injuries concerning excessive noise, lack of hearing protection and occupational hearing loss. (Direct Exam 1 hour)

**Foundation Witnesses For Various Exhibits in the event Metro-North objects to any exhibits on the basis of authenticity or foundation**.

Plaintiff reserves the right to call any witnesses identified by defendant.

Plaintiff reserves the right to call additional witnesses for purposes of rebuttal or for impeachment.


## (8) LIST OF WITNESSES BY DEFENDANT

The defendant reserves the right to call all of the witnesses listed by the plaintiff and incorporates by reference the witnesses listed by the plaintiff. The defendant also reserves the right to call witnesses for the purpose of impeachment or rebuttal. In addition, the defendant may call the following witnesses:

A. Dr. Joseph Sataloff, 1721 Pine Street, Philadelphia, PA 19103, has been disclosed as the defendant's expert and is expected to testify in accordance with his reports which have been previously disclosed, that the plaintiff's hearing loss is not produced by occupational noise exposure and that the plaintiff has a 0% hearing impairment according to the AMA formula

[The plaintiff objects to any evidence concerning the lack of hearing impairment according to the AMA because any such evidence is not relevant per Rules 402 and 403];

B. Ronald O'Connor, Metro-North Track Department is expected to testify regarding the job responsibilities of the plaintiff and track workers, the daily activities of track workers, the exposure of track workers to noise, the circumstances surrounding the allegations in the complaint and the availability of hearing protection to Metro-North track department employees;

C. Bruce Koch, Metro-North Track Department, is expected to testify regarding the job responsibilities of the plaintiff and track workers, the daily activities of track workers, the

exposure of track workers to noise, the circumstances surrounding the allegations in the complaint and the availability of hearing protection to Metro-North track department employees;

D. John Wagner, Metro-North Director of Track and Structures is expected to testify regarding job responsibilities of the plaintiff and track workers, the daily activities of track workers, the exposure of track workers to noise, the circumstances surrounding the allegations in the complain and the availability of hearing protection to Metro-North track department employees;

E. Robert Lieblong, Metro-North Chief Maintenance of Way Officer is expected to testify regarding Metro-North's hearing conservation program, availability of hearing protection to employees of the Track Department, and the equipment used by employees of the Track Department;

F. Linda Dick, Metro-North Safety Department, is expected to testify regarding hearing tests performed on the plaintiff, the plaintiff's hearing test results, the Medical Department's examinations of the plaintiff, and discussions with the plaintiff concerning his hearing deficit in 1995 and other years

[The plaintiff objects to this witness since she was not disclosed in the Defendant's Rule 26a disclosure or at any other point until her name was put forth on October 3, 2005 as a witness in this case];

G. Dr. Stanley Roth, Retired from the Metro-North Medical Department, is expected to testify regarding hearing tests performed on the plaintiff, the plaintiff's hearing test results, the Medical Department's examinations of the plaintiff, and his discussions with the plaintiff concerning his hearing deficit in 1995 and other years.

[The plaintiff objects to this witness since he was not disclosed in the Defendant's Rule 26a disclosure or at any other point until his name was put forth on October 3, 2005 as a witness in this case];

## (9) PLAINTIFF'S LIST OF EXHIBITS:

**1. FAQs Metro-North Hearing Conservation Program (2pg).**

**2. Metro-North's Entire Hearing Conservation Training For Supervisory Personnel Slide Presentation.**
[Metro- North objects to this proposed exhibit on the basis that it is irrelevant under FRE 401 and 403, and any probative value is outweighed by the prejudice to defendant, Metro-North]

**3.  Metro-North's February 26, 2001 Hearing Conservation Program Noise Testing Results.**

[Metro-North objects to plaintiff's proposed on the basis that the testing results are irrelevant under FRE 401 and 403 in that they are not applicable to plaintiff's craft or where the plaintiff worked. In addition, this exhibit is hearsay pursuant to FRE 801. In addition, this technical evidence requires expert testimony to explain and interpret the data for the jury.  The plaintiff has not designated such an expert.]

[Plaintiff's response: noise levels of sounds the plaintiff was exposed to are relevant.  Metro-North's 30b6 witness designated to discuss all Metro-North's sound testing results acknowledged the test results set forth in this exhibit were fair and accurate measurements of sound levels for Metro-North's work locations, equipment, machinery and tasks. Kirsch Dep. Vol II p. 134.]

**4.  Metro-North Equipment Noise Level Test Results dated 11/27/00 and 11/30/00.**

[Metro-North objects to plaintiff's proposed exhibit on the basis that it is irrelevant under FRE 401 and 403 and any probative value is outweighed by the prejudice to defendant Metro-North.]

**5.  Conrail's March 3, 1980 Sound Level Survey (1pg).**

[Metro-North objects to plaintiff's proposed exhibit on the basis that it is hearsay under FRE 801 and irrelevant under FRE 401 and 403.]

[Plaintiff's response: evidence that Conrail began testing machinery and designing a hearing conservation program in the early 1980's is relevant to prove Metro-North was negligent in not testing sound levels or preparing a hearing conservation program until the late 1990s. *See Eggert v. Norfolk & Western Ry. Co.*, 538 F.2d 509 (2nd Cir.  1976) (reversing the trial court for failing to allow the plaintiff to admit evidence of the practice of other railroads with respect to brake guards)]

**6.  Conrail's M/W Equipment Sound Level Survey (2pg).**

[Metro-North objects to plaintiff's proposed exhibit on the basis that it is hearsay under FRE 801 and irrelevant under FRE 401 and 403.]

[Plaintiff's response:  plaintiff expects Lova Borisjuk to testify consistent with his deposition testimony that Metro-North used Conrail equipment through the 1980s]

**7.  Portions of Technical Report AA-2604 dated February 26, 2001.**

[Metro-North does not waive any objection with respect to plaintiff's proposed exhibi without first having the opportunity to see what the plaintiff intends to introduce as evidence.]

.

**8.  January 9, 1998 Metro-North Memo re: Hearing Conservation Program (W.J. Mahoney) (1pg.).**

**9.  July 7, 1988 Memo from Walter Zullig to John P. Herrlin with enclosure: June 22, 1988 Metro-North Memo From J.A. Baum to W.J. Fish and W.E. Zullig, Jr. re: Southeastern Claims Conference (2pg.) (portions redacted).**

[Metro-North objects to plaintiff's proposed exhibit on the basis that it is or contains hearsay under FRE 801 and irrelevant under FRE 401 and 403.]

**10.  Metro-North Safety Rules**
[Metro-North does not waive any objection with respect to plaintiff's proposed exhibit without first having the opportunity to see more specifically what the plaintiff intends to introduce as evidence.]

**11.  Metro-North Railroad Hearing Conservation Program April 1999 Volume 1 & 2.**

[Metro-North does not waive any objection with respect to plaintiff's proposed exhibit without first having the opportunity to see more specifically what the plaintiff intends to introduce as evidence.]

**12.    Final Draft Metro-North Railroad Hearing Conservation Program dated 3/24/00.**

**13.  Metro-North Track Foreman Job Description**

**14.    Association of American Railroads Report of the Forty-Sixth Membership Meeting of the Medical Surgical Officers.**

[Metro-North objects to plaintiff's proposed exhibit on the basis that it is hearsay under FRE 801 and irrelevant under FRE 401 and 403.]
[Plaintiff's response:  this exhibit is not being offered for the truth of the matters contained therein but to show notice the railroad industry had about the harmful effects of noise and ways to limit and prevent occupational hearing loss.]

**15.  Portions of "Noise Hazards The Investigation of Hearing Impairment Claims" dated August 1982.**

[Metro-North objects to plaintiff's proposed exhibit on the basis that it is hearsay, pursuant to FRE 801 and irrelevant under FRE 401 and 403.]

[Plaintiff's response: portions of this exhibit are not being offered for the truth of matters contained therein but to show notice to the defendant of the dangers of noise and the availability of hearing protection and conservation]

## 16. Metro-North's Computer Printout of Prior Occupational Hearing Loss Claims (Partially Redacted)

[Metro-North objects to plaintiff's proposed exhibit on the basis that it is irrelevant under FRE 401 and 403.]

## 17. Metro-North Hearing Conservation HESc Videotape "Sounds Good To Me"

[Metro-North objects to plaintiff's proposed exhibit on the basis that it is hearsay under FRE 801 and irrelevant under FRE 401 and 403.]

## 18. Metro-North Hearing Conservation HESc "Filtered Speech Tape"

[Metro-North objects to plaintiff's proposed exhibit on the basis that it is hearsay under FRE 801 and irrelevant under FRE 401 and 403.]

## 19. Conrail's March 17, 1981 Memorandum re: Hearing Conservation Program.

[Metro-North objects to plaintiff's proposed exhibit on the basis that it is hearsay under FRE 801 and irrelevant under FRE 401 and 403.]
[Plaintiff's response: see response to Exhibit 5 as if fully set forth herein]

## 20. Conrail's August 10, 1982 Hearing Conservation Program Update.

[Metro-North objects to plaintiff's proposed exhibit 21 on the basis that it is hearsay under FRE 801 and irrelevant under FRE 401 and 403.]
[Plaintiff's response: see response to Exhibit 5 as if fully set forth herein]

## 21. Conrail's November 17, 1982 Hearing Conservation Program.

[Metro-North objects to plaintiff's proposed exhibit 22 on the basis that it is hearsay under FRE 801 and irrelevant under FRE 401 and 403.]
[Plaintiff's response: see response to Exhibit 5 as if fully set forth herein]

## 22. March 17, 1981 Conrail Memo re: Hearing Conservation Program (10 pg).

[Metro-North objects to plaintiff's proposed exhibit 23 on the basis that it is hearsay under FRE 801 and irrelevant under FRE 401 and 403.]
[Plaintiff's response: see response to Ex. 5 as if fully set forth herein]

**23.  November 17, 1982 Conrail Memorandum re: Hearing Conservation Program (6 pg).**

[Metro-North objects to plaintiff's proposed exhibit 24 on the basis that it is hearsay under FRE 801 and irrelevant under FRE 401 and 403.]
[Plaintiff's response: see response to Ex. 5 as if fully set forth herein]

**24.  Mr. Bourt's Audiogram Results from March 4, 2002**

**25.  Metro-North's Audiogram Results from September 25, 1984(per 801(d)(2)(D))**

**26.  Metro-North's Audiogram Results from November 22, 1985 (per 801(d)(2)(D))**

**27.  Stipulated Facts**

**28.  29 CFR 1910.95 as of 1984**

[Metro-North objects to plaintiff's proposed exhibit on the basis that it is irrelevant and is not evidence under FRE 401 and 403.  Further, the introduction of such evidence is admissible only for the limited purpose of showing the duty of care owed by the defendant to the plaintiff, but only in connection with all of the evidence in the case.  Such evidence may not be used to establish negligence as a matter of law.  Robertson v. Burlington Northern Railroad Co., 32 F.3d 408 (9th Cir. 1994)].

**29.  Portions of Joseph Streany's 11/24/1997 Trial Testimony from Christie/Kelly v. Metro-North in Supreme Court Of The State of New York.  (p3- p7 L23; p8 L14-L23; p22 L20- p23 L6; p23 L24 - p25 L17)**

[Metro-North does not waive any objection with respect to plaintiff's proposed exhibit 31 without first having the opportunity to see what the plaintiff intends to introduce as evidence.  Metro-north objects to plaintiff's proposed exhibit on the basis that it is hearsay under FRE 801.  The plaintiff has not shown that the declarant is unavailable under FRE 804.  In addition, this person is not on the plaintiff's witness list.]

[Plaintiff's response:  these portions of Mr. Streany's trial testimony are being offered as admissions of a party-opponent pursuant to Fed. R. Evid. 801(d)(2)(D).  This transcript was provided to Metro-North almost two years ago.]

**30.  Portions of Dr. Aram Glorig's November 7, 1994 Deposition Testimony.**

[Metro-North does not waive any objection with respect to plaintiff's proposed exhibit without first having the opportunity to see what the plaintiff intends to introduce

as evidence.  Metro-North objects to plaintiff's proposed exhibit on the basis that it is hearsay under FRE 801.  Further, the plaintiff has not shown that the declarant is unavailable under FRE 804.  In addition, Metro-North objects to this proposed exhibit on the basis that it is undisclosed expert testimony pursuant to FRE 26.]

[Plaintiff's response: Dr. Glorig is deceased and Metro-North's counsel was present at the deposition and had ample opportunity to object and question Dr. Glorig.]

**32.  Portions of Dr. Aram Glorig's November 18, 1997 Videotaped Deposition/Trial Testimony. (From 4:37:00 to 4:48:30; 4:52:30 to 4:54:52; 4:55:15 to 5:00:12; 5:00:25 to 5:01:30; 5:01:50 to 5:09:20)**

[Metro-North objects to plaintiff's proposed exhibit 33 on the basis that it is hearsay under FRE 801.  Further, the plaintiff has not shown that the declarant is unavailable under FRE 804.  In addition, Metro-North objects to this proposed exhibit on the basis that it is undisclosed expert testimony pursuant to FRE 26.]

[Plaintiff's response: Dr. Glorig is deceased and Metro-North's counsel was present at the videotaped trial testimony and had ample opportunity to object and question Dr. Glorig.]

**33.  Deposition Tr. of Conrail's 30(b)(6) Witness: William Barringer dated April 28, 2004.**

[Metro-North objects to plaintiff's proposed exhibit on the basis that it is hearsay under FRE 801 and irrelevant under FRE 401 and 403.  In addition, the plaintiff has not shown that the declarant is unavailable under FRE 804.]

[Plaintiff's response: William Barringer lives in Pennsylvania and is beyond this Court's subpoena power.  Metro-North's attorney attended the 30b6 telephonic deposition and had ample opportunity to examine Mr. Barringer and preserve any objections.]

**34.  Portions Metro-North's 30(b)(6) Witness: Ann E. Kirsch's May 18, 2004 and September 21, 2004 Deposition Tr. and portions of her trial testimony in Kiniry v. Metro-North.** (offered as admissions of a party-opponent pursuant to Fred. R. Evid. 801(d)(2)(D))

[Metro-North does not waive any objection with respect to plaintiff's proposed exhibit 35 without first having the opportunity to see what the plaintiff intends to introduce as evidence.  In addition, Metro-North objects to this proposed exhibit on the

grounds that it is hearsay under FRE 801 and that the plaintiff has not shown that the declarant is unavailable under FRE 804.]

**35.  Portions of Lova Borisjuk's August 24, 2004 Dep. Tr. and portions of his trial testimony in Kiniry v. Metro-North** (offered as admissions of a party-opponent pursuant to Fred. R. Evid. 801(d)(2)(D))

[Metro-North does not waive any objection with respect to plaintiff's proposed exhibit without first having the opportunity to see what the plaintiff intends to introduce as evidence.  In addition, Metro-North objects to this proposed exhibit on the grounds that it is hearsay under FRE 801 and that the plaintiff has not shown that the declarant is unavailable under FRE 804.]

**36.  Portions of Dr. John Herrlin's January 21, 1992 Deposition Transcript in <u>May v. Metro-North</u> (p. 4 L8-12; p4 L21-p5 L20; p7L13-L25; p 10 L12-p15 L23; p17 L11-15)**

[Metro-North does not waive any objection with respect to this exhibit on plaintiff's amended exhibit list without first having the opportunity to see what the plaintiff intends to introduce as evidence. Metro-North objects to this exhibit on plaintiff's amended exhibit list on the basis that it is hearsay under FRE 801. The plaintiff has not shown that the declarant is unavailable under FRE 804. In addition, this person is not on the plaintiff's witness list.]

[Plaintiff's response:  these portions of Mr. Herrlin's deposition testimony are being offered as admissions of a party-opponent pursuant to Fed. R. Evid. 801(d)(2)(D).  This transcript was provided to Metro-North almost two years ago.]

**37.  Dr. Peter Rabinowitz's <u>de</u> <u>bene</u> <u>esse</u> videotaped trial testimony.**

**38.  Portions of Robert Lieblong's Deposition Testimony**
(offered as admissions of a party-opponent pursuant to Fred. R. Evid. 801(d)(2)(D))
[Metro-North does not waive any objection with respect to plaintiff's proposed exhibit without first having the opportunity to see more specifically what the plaintiff intends to introduce as evidence].

**39.  Portions of John Wagner's Deposition Testimony**
(offered as admissions of a party-opponent pursuant to Fred. R. Evid. 801(d)(2)(D))

[Metro-North does not waive any objection with respect to plaintiff's proposed exhibit without first having the opportunity to see more specifically what the plaintiff intends to introduce as evidence].

*Plaintiff reserves the right to introduce any exhibits identified by defendant, and*

*reserves the right to use additional exhibits for purposes of rebuttal or impeachment.*

## LIST OF EXHIBITS BY DEFENDANT

The defendant reserves the right to introduce all the exhibits listed by the plaintiff. The defendant also reserves the right to introduce exhibits for impeachment or rebuttal. In addition, the defendant may introduce the following exhibits:

A.  Plaintiff's January 31, 2002 FELA Complaint;
   (plaintiff objects per 402 and 403- to the extent the defendant seeks to establish the date of the complaint the parties can stipulate to that fact)

B. Plaintiff's June 4, 2001 Medical Examination form (2 pages);

C. Plaintiff's June 4, 2001 Request for Medical Service;

D.  Plaintiff's April 16, 2001 Hearing Test Notification Report;

E.  Plaintiff's March 12, 2001 Medical Examination form (2 pages);

F. Plaintiff's March 12, 2001 Audiogram;

G. Plaintiff's March 12, 2001 Request for Medical Service;

H.  Plaintiff's March 12, 2001 Hearing Test Form (2 pages);

I.  Plaintiff's October 8, 1999 Request for Medical Service (2 pages);

J. Plaintiff's October 8, 1999 Hearing Test Form (2 pages);

K.  Plaintiff's October 8, 1999 Medical Examination Form;

L.  Plaintiff's October 8, 1999 Medical Evaluation Questionnaire (7 pages);

M.  Plaintiff's October 8, 1999 Audiogram;

N.   Plaintiff's May 14, 1997 Request for Medical Service;

O.   Plaintiff's May 14, 1997 Medical Examination form (2 pages);

P.   Plaintiff's May 14, 1997 Hearing Test Form (2 pages);

Q.   Plaintiff's May 14, 1997 Audiogram;

R.   Plaintiff's February 9, 1995 Request for Medical Service;

S.   Plaintiff's February 9, 1995 Report of Medical Examination;
        (plaintiff objects per 802)

T.   Plaintiff's MD-3 Form (undated) stating "Rt ear Hearing deficit";
        (plaintiff objects per 802)

U.   Plaintiff's February 9, 1995 Hearing Test Form (2 pages);

V.   Plaintiff's February 9, 1995 Audiogram;

W.   Plaintiff's September 11, 1989 Request for Medical Service;

X.   Plaintiff's September 11, 1989 Report of Medical Examination;
        (plaintiff objects per 802, 402 and 403)

Y.   Plaintiff's July 18, 1988 Request for Medical Service;

Z.   Plaintiff's July 18, 1988 Report of Medical Examination;
        (plaintiff objects per 802, 402 and 403)

Z(1).  Plaintiff's July 18, 1988 Audiogram;

AA.  Plaintiff's November 22, 1985 Audiogram;

AA(1)  Plaintiff's March 27 1985 Report of Medical Examination
        (plaintiff objects per 802)

AA(2)  Plaintiff's March 29, 1985 Request For Medical Services

BB   Plaintiff's September 25, 1984 Report of Medical Examination;
        (plaintiff objects per 802)

CC   Plaintiff's September 25, 1984 Request for Medical Service;

DD.  Plaintiff's September 25, 1984 Audiogram;

EE.  Metro-North Safety Bulletin No. 175;
    (plaintiff objects per 802)

FF.  Plaintiff's March 4, 2002 Audiogram;

GG.  Plaintiff's November 19, 1993 Military Audiogram;

HH.  Plaintiff's November 19, 1993 Report of Medical Examination from U.S. Military (2 pages);

II.  Plaintiff's February 27, 1999 Report of Medical Examination from U.S. Military (2 pages);

JJ.  Sample Earplugs;

KK.  Plaintiff's Hearing Test Form, dated March 6, 2003 (2 pages);

LL.  Plaintiff's March 6, 2003 Audiogram;

MM. Plaintiff's March 6, 2003 Medical Examination form (2 pages);

NN.  Plaintiff's March 6, 2003 Request for Medical Service;

OO.  Sample Report from Dr. Kirchner;
    (plaintiff objects per 402 and 403)

PP.  Waiver of Service of Summons as to Metro-North RR Co signed on 2/7/02;
    (plaintiff objects per 402, 403 and 802; the parties can stipulate as to the date the complaint was filed)

QQ.  Plaintiff's Response to Metro-North's First Set of Interrogatories;
    (plaintiff reserves his right to object per 402 or 403 depending on which interrogatory responses are offered)

RR.  Plaintiff's Response to Metro-North's First Set of Requests for Documents;
    (plaintiff objects per 402, 403 and 802)

SS.  Plaintiff's Department of Veteran Affairs Records;
    (plaintiff reserves his right to object per 402, 403 and 802 since these records have not been produced by the defendant)

TT.  Plaintiff's National Guard Records;
    (plaintiff reserves his right to object per 402, 403 and 802 since these records have not yet been produced by the defendant)

UU.  Plaintiff's Army Reserve Records;
    (plaintiff reserves his right to object per 402, 403 and 802 since these records have not yet been produced by the defendant)

VV.  Plaintiff's records from Dr. Eric Liben;
       (plaintiff objects per 402, 403 and 802)
WW. Plaintiff's records from Dr. Zarcu-Power.
       (plaintiff objects per 402, 403 and 802)

## (10) STIPULATIONS OF FACT AND LAW.

### (b) Jury Trial

1.   The defendant Metro-North Railroad Company is a railroad having a usual place of business in New Haven, Connecticut.

2.   The defendant is a common carrier engaged in the business of interstate commerce, and as such, operated a railroad in such business between New York, New York, and New Haven, Connecticut.

3.   At the time the plaintiff received the injuries complained of, the defendant Metro-North Railroad was engaged in interstate commerce and the plaintiff Richard Bourt was employed in furtherance of said commerce.

4.  The life expectancy of a 40 year-old white male is 36 years.

## (10)(b)(1) VOIR DIRE QUESTIONS

Plaintiff's Proposed Voir Dire Questions are attached hereto.

Defendant's Proposed Voir Dire Questions are being sent via separate filing.

## (10)(b)(2) PROPOSED JURY INSTRUCTIONS

Plaintiff's Proposed Jury Instructions are attached hereto.

Defendant's Proposed Jury Instructions will be sent directly to the Court.

## (10)(b)(c)  OPENING STATEMENTS

The parties intend to make opening statements.

FOR THE PLAINTIFF,

BY _____

Scott E. Perry, Esquire
CAHILL, GOETSCH & MAURER P.C.
43 Trumbull Street
New Haven, Connecticut  06511
(203) 777-1000   [ct 17236]

THE DEFENDANT,
METRO NORTH RAILROAD

By:

Susan B. Parzymieso, Esq., (CT-25301)
Ryan, Ryan, Johnson & Deluca, LLP
80 Fourth Street, P.O. Box 3057
Stamford, CT   06905
Phone No. 203-357-9200

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was faxed and mailed, postage prepaid, on this 3rd day of October, 2005, to Susan B. Parzymieso, Esq., Ryan, Ryan, Johnson & Deluca, LLP, 80 Fourth Street, P.O. Box 3057, Stamford, Connecticut 06905.

Scott E. Perry

21